R. S. PAYNE & CO. v. PATIENCE GIBSON et al.

PENSION MONEY. *Exemption of.* The exemption of pension money, under the act of Congress, from legal seizure, continues until the money is actually paid to the pensioner, and, therefore, a formal payment to a third person, which, by reason of the fraud and collusion between the pension agent and such person, leaves the agent liable for the money as still in his hands, will not deprive the pensioner of the protection of the act.

### FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

R. M. McKEE for complainants.

H. H. INGERSOLL for defendant.

COOPER, J., delivered the opinion of the court.

The complainants are judgment creditors of the defendant Patience Gibson, and file this bill to reach, for the satisfaction of their judgment, the amount of a decree rendered in favor of the said defendant against her co-defendants, J. K. P. Hall and Wm. Pierce. The defendant, Patience, objects that the money thus recovered is pension money and exempt from the claims of her creditors, and, if this be not so, that it is the proceeds of homestead property and therefore exempt from execution. The chancellor was of

opinion that the fund was pension money, and dismissed the bill.    Complainants appealed.

The defendant, Patience Gibson, was the widow of a soldier in the army of the United States, who lost his life in the late civil war.    She employed the defendant, Hall, to obtain from the United States the pension money due her husband, and he collected the money in controversy, about $300.    This money was paid to defendant Pierce by Hall, in her presence and at her request, on the 17th of October, 1870, in part payment of a tract of land bought by her from Pierce on the 29th of October, 1869.    She went into possession of the land, remained on it one year, when she left and Pierce resumed possession.    On the 13th of September, 1872, her unpaid note for the land was surrendered to her, and the title-bond returned to Pierce.    On the 23d of April, 1873, she filed her bill against Hall and Pierce; alleging that she was induced to enter into the contract for the purchase of the land through the fraudulent and collusive persuasions of the defendants, and seeking to recover the money paid.    Such proceedings were had in that cause that a decree, affirmed by this court, was rendered in her favor against both defendants for the money received and paid as aforesaid, less the rent of the land while in her possession.    The object of this bill is to reach the recovery in that cause.

The decree in the case of Patience Gibson against Hall and Pierce does not proceed merely upon the ground of the rescission of the contract for the sale of the land by Pierce to Gibson, for it treats the

relative rights of the parties, to the extent of the money demand, as if no such contract had ever been made. It gives a personal decree against both Hall and Pierce for the money; against the former as if the pension money was still in his hands, and against the latter as the collusive agent or partner of the former. The actual payment of the money, whether paid by Gibson or Hall, to Pierce, was a fraudulent form to retain the money in the hands of Hall, and Hall was treated as liable for the whole of it. In this view, it was the original pension money, exempt from legal seizure under the act of Congress. U. S. Rev. Stat., sec. 4747. It has never really come to the hands of the defendant Gibson. She having elected to treat the sale of the land to her as void, and having voluntarily surrendered the possession of the land, there is no foundation for the claim of homestead exemption.

The decree of the chancellor will be affirmed, and the bill dismissed with costs.